**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**HEATILATOR FIREPLACE, DIVISION OF VEGA INDUSTRIES, INC., Respondent.**

**No. 80–1651.**

United States Court of Appeals, Eighth Circuit.

Submitted April 15, 1981.

Filed April 22, 1981.

---

Allison W. Brown, Jr., Washington, D. C., Victoria A. Higman, Washington, D. C., argued, for petitioner.

Matt Shade, Atlanta, Ga., argued for respondent.

Before HEANEY, STEPHENSON and McMILLIAN, Circuit Judges.

PER CURIAM.

This case is before the Court upon application of the National Labor Relations Board for enforcement of its order issued against Heatilator Fireplace, Division of Vega Industries, Inc., (Heatilator) and upon Heatilator's petition for review of the order. 249 N.L.R.B. No. 47, 104 L.R.R.M. 1501 (1980). The Board found that Heatilator violated section 8(a)(3) and (1) of the National Labor Relations Act, 29 U.S.C. § 151 *et seq.* by discharging three employees—Jerry Parrish, Kenneth Baylor and Gregory Wakefield—because of their union activities. The Board also found that Heatilator violated section 8(a)(1) of the Act by directing its employees not to attend a union meeting or to sign union authorization cards, by interrogating an employee about union activity, and by directing an employee allied with management to engage in surveillance and to report on the union activity of other employees. Having determined that these findings are supported by substantial evidence on the record as a whole, we direct that the Board's order be enforced.

In our view, union animus was established by testimony showing that company management made many attempts to discourage union activity among Heatilator employees. Ample evidence supported the Board's findings that Heatilator management unlawfully attempted to dissuade employees from attending union meetings and signing authorization cards, and that it coercively interrogated an employee and sought to engage in unlawful espionage.

There is also overwhelming evidence in support of the Board's conclusion that Baylor and Parrish were discharged because they engaged in union organizing. The evidence supporting the Board's determination regarding Wakefield is not as strong, but it is substantial. Although he apparently had an absenteeism problem that might have

constituted grounds for discharge, the record contains a number of facts from which the Board properly inferred that Wakefield was discharged because of his union activity. He was discharged the day after he had attended a union meeting. The company had knowledge of the meeting in advance and had asked at least two employees not to attend. The wives of two company supervisors attended the meeting and the meeting was discussed at the plant the next day. Moreover, the company did not follow its newly established policy concerning warnings and discharges for absences.

The order of the National Labor Relations Board is hereby enforced.